United States District Court
Southern District of Texas
**ENTERED**
January 14, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:20-cv-367

SANTOS ARGUETA, ET AL., *PLAINTIFFS*,

v.

CITY OF GALVESTON, ET AL., *DEFENDANTS*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

In this section-1983 case, the plaintiffs filed their lawsuit one day after the statute-of-limitations period expired. Under normal circumstances, their lawsuit would be barred. But we are not living in normal circumstances. Although this case was filed in federal court and concerns federal law, the threshold question—whether the plaintiffs' lawsuit is timely—depends on Texas law. And that question has been answered by the one body whose word, when it comes to Texas law, is final: the Supreme Court of the Lone Star State. Because limitations do not bar the plaintiffs' lawsuit in this instance, the defendants' motion to dismiss (Dkt. 10) is denied, and the plaintiff's motion for an extension of time (Dkt. 2) is denied as moot.

## I. Background

This dispute arises from the death of Luis Argueta. The plaintiffs here, Argueta's estate and his family members, allege that on June 25, 2018, Galveston Police Officer Derrick Jaradi fatally shot Argueta in the back as he was fleeing a traffic stop.[1] Believing that Officer Jaradi's use of force was excessive and unreasonable under the Fourth Amendment, the plaintiffs sued Officer Jaradi and the City of Galveston under 42 U.S.C. § 1983.[2]

Importantly, however, the plaintiffs filed suit on June 26, 2020—one day after the two-year anniversary of Argueta's death.[3] In response to this ostensibly untimely filing, Officer Jaradi and the city moved to dismiss the plaintiffs' claims under Rule 12(b)(6).[4] But the plaintiffs contend that the Supreme Court of Texas's coronavirus-related emergency orders, which generally extend the deadlines for filing civil actions, render their filing timely.[5]

The sole issue here, then, is whether the Texas Supreme Court's emergency orders extended the plaintiffs' time to file their lawsuit against Officer Jaradi and the city.

---

[1] *See* Dkt. 1 at ¶¶ 31, 34, 42.
[2] *See id.* at ¶¶ 1–2, 125, 145.
[3] *See id.*
[4] *See generally* Dkt. 10.
[5] Dkt. 2 at 2.

## II.  Analysis

42 U.S.C. § 1983 is a federal cause of action. But federal law does not provide a statute of limitations for § 1983 claims. To fill this gap, federal courts borrow the forum state's limitations period for personal-injury claims.[6] In Texas, the applicable period is two years.[7] So plaintiffs filing § 1983 actions in Texas must do so within two years of when their causes of action accrue.[8]

In addition to borrowing the forum state's statute of limitations for § 1983 claims, federal courts "give effect to the state's tolling provisions as well."[9] The plaintiffs attempt to do that here. In support of their timeliness argument, the plaintiffs point to the Seventeenth Emergency Order issued by the Supreme Court of Texas issued May 26, 2020. That order extends the filing deadline of civil cases:

> Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and July 1, 2020, is extended until August 15, 2020. This does not include deadlines for perfecting appeal or for other appellate proceedings, requests for relief from

---

[6] *Jackson v. Johnson*, 950 F.2d 263, 265 (1992).
[7] *Id.*; *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a).
[8] *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015) ("Texas's two-year statute of limitations for personal injury actions applies to § 1983 claims filed in this state."). Federal law, however, "governs when a § 1983 claim accrues . . . ." *Moore*, 30 F.3d at 620. The parties do not dispute that the plaintiffs' cause of action in this case accrued on June 25, 2018, the day Argueta was shot.
[9] *Jackson*, 950 F.2d at 265.

which should be directed to the court involved and should be generously granted.[10]

The Supreme Court of Texas, which took this action under section 22.0035 of the Texas Government Code, then extended this August 15th deadline to September 15th in its Twenty-First Emergency Order:

> Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and September 1, 2020, is extended until September 15, 2020. This does not include deadlines for perfecting appeal or for other appellate proceedings, requests for relief from which should be directed to the court involved and should be generously granted.[11]

The defendants do not dispute that the plaintiffs' filing deadline fell on a day between the order's March 13th and September 1st range. Nor, for that matter, do the defendants squarely address the tolling effect of the Texas Supreme Court's emergency orders on this case. They instead seem to suggest that the Court's emergency orders do not apply here because the administrative problems present in Texas courts precipitating the orders are not present in federal courts.[12] The defendants add that applying the orders

---

[10] *Seventeenth Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 119, 121–22 (Tex. 2020).
[11] *Twenty-First Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 128, 129 (Tex. 2020).
[12] *See* Dkt. 10 at 4 ("Plaintiffs' suggestion that administrative steps taken to alleviate the problems that have existed in some Texas state courts provides no authority for the Plaintiffs to prosecute an untimely lawsuit in federal court.").

to this case "would be inconsistent with federal policy goals of uniformity and federalism."[13]

These arguments are unpersuasive. The defendants do not explain how allowing the plaintiffs' lawsuit to proceed may undermine the goals of uniformity or federalism. Merely invoking those buzzwords does not suffice. And pointing to a supposed administrative discrepancy between state and federal courts does not to refute the well-established rule that, when hearing a § 1983 claim, federal courts borrow the limitations and tolling law from the forum state. The pandemic may have changed some rules, but not this one.

\* \* \*

Under Texas law, the plaintiffs' lawsuit is timely. Accordingly, the defendants' motion to dismiss (Dkt. 10) is denied, and the plaintiffs' motion for an extension of time (Dkt. 2) is denied as moot.

Signed on Galveston Island on this, the 14th day of January, 2021.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

---

[13] *Id.*