IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SANTOS ARGUETA, et al. § | |
| § | CIVIL ACTION NO. 3:20-cv-00367 |
| *Plaintiff*, § | |
| § | Jury |
| v. § | |
| § | |
| CITY OF GALVESTON, et al. § | |
| § | |
| *Defendants*. § | |

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

Defendants respond to Plaintiffs' motion in limine as follows:

ARGUMENT & AUTHORITIES

1.  Defendants agree to Plaintiffs' limine item 8, but oppose Plaintiffs' other requests for the following reasons. As a general matter, each of Plaintiffs' limine requests are made in abstract form in anticipation of hypothetical circumstance that may not develop at trial, and are primarily premised on the argument evidence would be introduced for impermissible purposes. *See, Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980).

2.  Merely arguing that evidence is not admissible on a single basis, does not necessarily mean that same evidence must be excluded because the evidence may be admissible on other grounds. *See id*. This is the function of properly applying all of the rules of evidence. Relevant context is necessary for the Court to rule on the admissibility of evidence proffered for admission at trial regarding most of the issues Plaintiffs raise in their motion in limine. *See Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460 (1984). Beyond this generally applicable precept, Defendants address each of Plaintiffs' requests:

1. Evidence or testimony regarding Luis Fernando Argueta's history of arrests, criminal charges, or convictions (irrelevant; inadmissible character evidence).

3. Defendants would not seek to admit such information for the purpose identified in FED. R. EVID. 404(a), but nonetheless such information is admissible under FED. R. EVID. 402, 404(b), 406, 607, 608, and 609. Luis Argueta's two criminal convictions for evading arrest are admissible under FED. R. EVID. 609. Additionally, information regarding Argueta's history of arrests, criminal charges, or convictions is admissible under FED. R. EVID. 406 to prove Argueta's habits and routine practices of engaging in criminal conduct, including evading arrest and possessing a firearm. Further, evidence regarding Argueta's history of arrests, criminal charges, or convictions may be admissible under FED. R. EVID. 607 for the purpose of impeaching a witness's credibility. Moreover, Argueta's habits and routine practices of engaging in criminal conduct, including evading arrest and possessing a firearm are certainly relevant under FED. R. EVID. 406, for the purpose of corroborating or refuting Officer Derrick Jaradi's testimony regarding Argueta's actions during the occurrence which forms the basis of the lawsuit and determining whether Officer Jaradi's reaction to Argueta's criminal action was objectively reasonable and violated clearly established law.

4. Furthermore, Argueta's criminal history including charges, arrests, and convictions is relevant to the issue of damages. Evidence is relevant and admissible if it has any tendency to make a fact of consequence more or less probable that it would be without the evidence. *See* FED. R. EVID. 401-402. Plaintiffs assert damages for the "loss of fraternal love, affection, and support; emotional distress; loss of filial love, affection

and support; emotional distress; and loss of economic support in the future" [Doc. 1, at 149.1 and 149.2]. To support their damages claims, several Plaintiffs have testified to their positive relationship and living arrangements with the decedent despite the decedent's history of charges, arrests, and convictions. Thus, to defend against the damage claims and impeach witnesses inconsistent statements regarding this and other relevant issues, Defendants must necessarily address Argueta's criminal history. Moreover, since the jury may be instructed to consider these damage elements, evidence of - and argument about – such evidence is admissible to allow the jury to assess the value, if any, of each claimant's claimed loss. The exclusion of such relevant evidence would deny the jury evidence it would otherwise be instructed it should consider, and thus would deny Defendants a fair trial based on all of the relevant evidence.

5. Further, under FED. R. EVID. 404(b)(2), evidence of Argueta's history of arrests, criminal charges, or convictions may be admissible for purposes other than to address Argueta's character, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or like facts as discussed *supra*.

   2. Evidence or testimony regarding alleged criminal activity by Luis Fernando Argueta, in connection with which Luis Fernando Argueta was never arrested, charged, or convicted (irrelevant; inadmissible character evidence).

6. Other than the basis for admission of criminal convictions under FED. R. EVID. 609, all the other grounds for admission Defendants presented in ¶¶ 2-5 *supra* apply as well to Argueta's life of criminal activity, regardless of whether he was arrested, charged, or convicted of all instances of his criminality.

    3.    Any evidence or testimony regarding any juvenile records of Luis Fernando Argueta, whether in the context of delinquency proceedings or school/academic records (irrelevant; inadmissible character evidence).

7. Likewise, records which show that Argueta defied authority and committed crimes when he was a juvenile, including school and academic records, are admissible for the same reasons as those Defendants presented in ¶¶ 2-6 *supra*. That Argueta engaged in such conduct before, and after, he reached the age of majority is equally admissible.

    4.    Evidence or testimony regarding friends, social acquaintances, or associates of Luis Fernando Argueta, offered for the purpose of showing lifestyle or habits of Luis Fernando Argueta (irrelevant; inadmissible character evidence).

8. Similarly, other than the basis for admission of criminal convictions under FED. R. EVID. 609, all the other grounds for admission Defendants presented in ¶¶ 2-6 *supra* apply as well to Argueta's life of association with other individuals who were involved with Argueta in committing crimes.

    5.    Evidence or testimony regarding any of Plaintiffs' medical histories, including, but not limited to, psychological or counseling records (irrelevant).

9. Plaintiffs seek damages under the Texas Wrongful Death Act, including damages for the "loss of fraternal love, affection, and support; emotional distress; loss of filial love, affection and support; emotional distress; and loss of economic support in the future" [Doc. 1, at 149.1 and 149.2]. Plaintiffs have placed their mental status into issue in this case by claiming damages based upon alleged psychological harm. Plaintiffs' claims arise only from the death of their family member. Therefore, each Plaintiff's psychological condition and records regarding their psychological condition are relevant and admissible. *See* FED. R. EVID. 402.

6. Any evidence or testimony regarding financial circumstances of any of the Plaintiffs (irrelevant).

10. By asserting claims for damages for loss of economic support from Argueta, Plaintiffs have placed their own financial circumstances into issue in this case. Also, Plaintiffs' seek damages based on claims of purported damages asserted under the Texas survival statute, including fees and expenses associated with Argueta's medical and funeral expenses. Evidence regarding Plaintiffs' financial circumstances is relevant and admissible. *See* FED. R. EVID. 402.

7. Evidence or testimony regarding any of Plaintiffs' criminal histories (irrelevant).

11. Plaintiffs assert damages for the alleged "loss of fraternal love, affection, and support; emotional distress; loss of filial love, affection and support; emotional distress; and loss of economic support in the future" [Doc. 1, at 149.1 and 149.2]. Information regarding each Plaintiff's criminal history is relevant to these claimed damages, as well as each Plaintiff's claim of psychological harm. Therefore, evidence regarding any Plaintiff's criminal history is relevant and admissible. *See* FED. R. EVID. 402.

8. Any evidence or testimony regarding any of Plaintiffs' immigration and/or citizenship status (irrelevant).

12. Defendants do not plan to inquire into this issue, and agree to approach the Court before making inquiry into this issue.

9. Any evidence or testimony concerning any social media postings made by Luis Fernando Argueta, offered for the purpose of showing Luis Fernando Argueta's character or reputation or tendency/propensity for criminal activity or violence (irrelevant; inadmissible character evidence).

and

10. Any evidence or testimony concerning any social media postings or communications made by any family members, acquaintances, associates, friends, or any other individuals, which is offered for the purpose of demonstrating a particular lifestyle, and to show that Luis Fernando Argueta acted consistently with that lifestyle at the time of the incident giving rise to the instant suit (irrelevant; inadmissible character evidence).

13. Defendants do not plan to seek to admit information identified in items 9 and for the purpose identified in FED. R. EVID. 404(a), but nonetheless such information is admissible under FED. R. EVID. 402, 404(b), 406, 607, 608, 609, for the reasons discussed in ¶¶ 2-6 *supra*.

14. Not only is this information relevant to Argueta's routine criminal practices, but it is also relevant to several elements of damages Plaintiffs seek, and to impeach other witnesses testimony, including Plaintiffs, regarding any Plaintiff's relationship with or alleged support from Argueta. This information bears directly on the issue of damages. Any evidence sought to be used by Defendants, which was not produced to Plaintiffs by Defendants in response to Plaintiffs' discovery requests.

15. The Court should deny this request because: (1) Defendants may seek to admit information Plaintiffs' disclosed that Defendants did not produce; (2) Plaintiffs may not have requested information Defendants seek to admit but has not yet disclosed; (3) or Defendants may introduce impeachment evidence in accordance with FED. R. CIV. P. 26(a, I, A, ii). The Court lacks sufficient information to grant this blanket request before trial. This Court should simply address this issue if, when, and as it *may* arise.

11. Any evidence or testimony sought to be introduced by Defendants, alleging that Luis Fernando Argueta was engaged in a felony at the time of the June 25, 2018 incident.

16. Through this request, Plaintiffs ask the Court to prohibit Defendants from admitting uncontroverted evidence of the occurrences which form the very basis of the lawsuit. The evidence admitted in summary judgment proceedings, like the evidence that would be admitted at trial, demonstrates Argueta was engaged in felonious criminal conduct during the occurrences which form the basis of the lawsuit. This information is relevant and admissible under FED. R. EVID. 402.

## PRAYER

17. For the foregoing reasons, Defendants pray the Court deny Plaintiffs' limine issues 1-7 and 9-12.

> Respectfully submitted,
>
> By: *William S. Helfand*
> William S. Helfand
> Attorney-in-Charge
> SBOT: 09388250
> Southern District of Texas Bar No. 8791
> Norman Ray Giles
> SBOT: 24014084
> Southern District of Texas Bar No. 26966

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone:   (713) 659-6767
Facsimile:   (713) 759-6830
ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 1st day of April 2022.

> Gene A. Watkins
> gwatkins@shermanwatkins.com
> Ellyn J. Clevenger
> ellynclevenger@gmail.com
> *Attorneys for Plaintiffs*

                                         /s/ *William S. Helfand*